### ORTON v. ORTON.

DIVORCE—EXTREME CRUELTY—ADULTERY.

> An application for divorce on the ground of extreme cruelty, supported by sufficient testimony, may not be refused because the complainant had been twice previously divorced, and on the second occasion for her own fault.

Appeal from Wayne; Mandell, J. Submitted June 11, 1909. ( Docket No. 71.) Decided December 30, 1909.

Bill by Ella Orton against John Orton for a divorce. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Lehman, Riggs & Lehman*, for complainant.

MONTGOMERY, J. This is a suit for divorce on the ground of extreme cruelty on the part of the defendant. The proofs were taken in open court, and the bill dismissed; the complainant refusing to accept a decree for a limited divorce. The circuit judge found the extreme cruelty established by the proof, a conclusion in which we fully concur. It appears that the complainant had been twice married before. Her first marriage was dissolved

by a decree of divorce upon a bill filed by her. The second marriage was dissolved on a bill filed by her husband. To that suit no defense was made, and a decree was entered granting an absolute divorce on August 19, 1907. Some four months later she married the defendant. The only question presented is whether, where a just cause for divorce is shown, the fact that the party applying for the divorce has been previously married and divorced, the former divorce having been on the ground of plaintiff's own fault, is to bar her from a divorce from the second marriage.

We assume that the first decree of divorce determined that she was not in fault and that her husband was. The second decree of divorce determined that she was in fault; but there were no restrictions placed upon her remarrying. Her status was fixed by that divorce as that of a single woman. We think it cannot be said that in a subsequent marriage she occupies a different relation than does any other married woman. It is true that the court might well scrutinize carefully her application for the purpose of determining whether a real ground of divorce has been made out. That, it appears, the circuit judge did to his own satisfaction, and became satisfied that she was entitled to relief, but seems to have proceeded upon the view that, because she had been unfortunate in previous matrimonial alliances, or had been guilty of fault herself in her second venture, she has debarred herself from the remedies which are open to other people. We think, on the contrary, that her second divorce fixed her status, and she had the same legal right to marry as though she had never been previously married, and she is entitled to equal protection in that marriage relation as though this were her first venture. If the case were less clear, the fact that she had had these experiences might be taken into account in determining whether a case had been made out; but there seems to be no question made that she has established a case entitling her to divorce if she is to be treated as is any other married woman.

The decree should be reversed, and the decree of divorce granted.

BLAIR, C. J., and OSTRANDER, HOOKER, MOORE, MC-ALVAY, and BROOKE, JJ., concurred.

GRANT, J. (*dissenting*). This is a suit for divorce on the ground of extreme cruelty on the part of the defendant. He made no defense in the court below, and has made none here. Proofs were taken in open court and the bill dismissed. The court offered to grant a limited divorce. Complainant refused to accept this, and insisted upon a decree of absolute divorce. The marriage to defendant was her third matrimonial venture. She obtained an absolute decree of divorce from her first husband; he making no defense. Her second husband filed a bill for a divorce against her, charging her with extreme cruelty and adultery. To that she made no defense, and a decree was entered granting the husband an absolute divorce on August 19, 1907. Four months thereafter she married defendant, after an acquaintance of only three months. On January 30, 1908, she filed this bill.

Section 8623, 3 Comp. Laws, authorizes a divorce "whenever, in the opinion of the court, the circumstances of the case shall be such that it will be discreet and proper so to do." Section 8622 authorizes a divorce from bed and board forever, or for a limited time. The court, in a written opinion, after stating her matrimonial career, said:

"I became convinced, from the consideration of these facts and circumstances, that the matrimonial and divorce career of complainant was shocking, and abhorrent to public morals, and that any further appeal on her part to the conscience of a court of equity should be viewed with suspicion. As I was satisfied that complainant had made out a case entitling her to some relief, I offered to grant her a divorce from bed and board forever as provided in section 8622, 3 Comp. Laws. This relief was refused on the ground that it was not appropriate, nor the relief sought. Thereupon I announced that a divorce from the

bonds of matrimony would be refused for the reason that the circumstances of the case were not such that it would be discreet and proper to grant it.   Section 8623, 3 Comp. Laws, as amended in 1907 (Act No. 324, Pub. Acts 1907). My reason for such denial was that this woman, who appeared to be 45 or 50 years of age, with prior matrimonial experience, did not present the case of an innocent woman being wronged in her marriage, without fault on her part. She took her husband for better or worse, and any proper and adequate care and investigation on her part would have shown her that her latest matrimonial venture could not be a happy one.   Divorce laws were not passed for such as she, for to grant her an absolute divorce would give too much encouragement to that modern suggestion known as trial marriage, and would tend to destroy the accepted theory of the permanency of the married relation."

I fully concur in that opinion.   This is not a suit at law or in chancery involving property rights of the parties litigant to which the rule of preponderance of evidence applies.   This is a suit for divorce in which the public have an interest as well as the parties litigant.   Regulations of marriage and divorce are under the control of the public through their legislature.   The people have enacted laws providing for both.   They have conferred upon the courts of chancery the sole jurisdiction in divorce cases, and have seen fit to lodge in those courts the power to grant divorce "whenever, in the opinion of the court, the circumstances of the case shall be such that it will be discreet and proper so to do."   If the statute means anything, it means, in my opinion, that the courts are clothed with power to use a discretion in granting or refusing divorces.   It eliminates the rule of preponderance of evidence and authorizes the courts to examine the character of the parties, the circumstances attending the marriage, the record of the parties in divorce suits, and authorizes the courts to refuse a decree in cases where it is apparent the complainant is an adventurer or adventuress in contracting the marriage relation.   The record in this case shows the complainant to be such an adventuress.   She has contracted marriage

without any regard to its sacred relations or the solemn duties which that relation imposes upon the parties, and as lightly as she would make a contract involving property of little value.   Divorced from one husband on her complaint, divorced from her second husband on his complaint charging infidelity to her marriage vows, divorced in August, married in December to a man after slight acquaintance, and applying for divorce in January—such is her record. Her present husband, from whom she now seeks divorce, appears to have been a worthless fellow addicted to intoxication.   If she did not know this, an inquiry by her would have disclosed the fact; and, as the circuit judge said, "would have shown her that her last matrimonial venture could not be a happy one." We said, in *Sullivan* v. *Sullivan*, 112 Mich. 674 (71 N. W. 487): "We think that the character of the decree rests in the sound discretion of the court."   In divorce suits in which the defendant does not appear, it is a fair presumption that he or she is entirely willing that a divorce should be granted, and is perhaps as anxious to be freed from the marriage as is the complainant.   Both are undoubtedly often anxious for the divorce in order that they may marry again.   It is easy in *pro confesso* cases either to manufacture testimony or to magnify little wrongs and unpleasant words, not of themselves sufficient to authorize divorce, into acts of extreme cruelty so as to bring the case within the statute.   Appellate courts may review this discretion of the trial court, as was done in *Burlage* v. *Burlage*, 65 Mich. 624 (32 N. W. 866).   In the case now before us I think that the court below exercised its discretion wisely, and tendered the complainant all the relief to which she was entitled. As the court below held, the evidence in such cases should be looked upon with suspicion.   It is evident that the court below placed little confidence in the testimony of the witnesses, for in its decree the court held that "the material facts charged in said bill of complaint were not proven by the complainant.

The decree should be affirmed.