Mattson, Appellant, vs. Mattson, Respondent.

*March 13—April 7, 1931.*

The cause was submitted for the appellant on the brief of *Larrabee & Larrabee* of Chippewa Falls, and for the respondent on that of *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls.

ROSENBERRY, C. J. While the court made no specific finding, it is a fair inference from the fifth finding, quoted in the statement of facts, that the court was of the opinion that the plaintiff should be denied a divorce, although the allegations of the complaint were established, because of the fact that she had permitted the presence of Charles Hewitt in the home of the parties. The position taken in this case raises the question as to what discretion, if any, a court has to deny a divorce where the facts entitling the parties to a divorce are established by the evidence to the requisite degree of legal certainty. We are cited to no case and we find none where it is held that, the right to a divorce being established, the court has a discretion to grant or deny it. The law is the other way. *Lewis v. Lewis,* 167 Cal. 732, 141 Pac. 367; *Orton v. Orton,* 159 Mich. 236, 123 N. W. 1103; *Tipton v. Tipton,* 169 Iowa, 182, 151 N. W. 90. See, also, *Crabtree v. Crabtree,* 154 Ark. 401, 242 S. W. 804.

In *Lewis v. Lewis, supra,* the supreme court of California said:

"A case having been made out, there is no arbitrary power to grant or refuse the relief. But, in every action for divorce, the court is called upon to determine whether the evidence before it does establish the truth of the charge made in the complaint.

"As in other cases, every intendment is in favor of the finding made. Such finding is not to be overthrown on appeal, unless it is very plain to the appellate court that the conclusion reached cannot be supported on any rational view of the testimony.

In *Tipton v. Tipton, supra,* it was held that courts do not exercise the pardoning power, and the fact standing by itself that society will be benefited more by refusing a divorce than granting it, confers no choice on the court where the requirements of the law as to the right to a divorce are met. In the absence of legal justification for denial, the evidence having established the allegations respecting cruel and inhuman treatment of the plaintiff by the defendant, a divorce should have been granted. There is no finding of the court and no evidence of anything that amounts to recrimination. It is quite evident from the finding quoted that the learned trial court in dealing with this matter acted on a mistake of law respecting the right of a court to exercise discretion in cases of this kind.

*By the Court.*—The judgment and order appealed from are reversed, and cause remanded with directions to the trial court to grant the plaintiff a divorce and to make such allowances for suit money, attorney's fees, and alimony or division of estate of the parties as are just and proper.