## John J. Lynch v. Clara Lynch.

1. ATTORNEYS—*No Authority to Make Motions in a Suit After His Discharge.*—A party to a suit has a legal right to discharge his solicitor, and after his discharge such solicitor has no right to make a motion in the cause in the name of such party.

2. ALIMONY—*Orders for, Must be in Favor of the Wife.*—An order for alimony *pendente lite*, in a suit for divorce, must be made payable to the wife. The provision of the statute for it is in her favor in order to enable her to prosecute her suit, to employ counsel and make proper preparation for trial.

3. SAME—*Purposes of the Allowance.*—The allowance of alimony when made, is designed to meet all the just and reasonable expenses which the wife may be put to in suits for divorce, including the fees of officers and witnesses, taking depositions, expenses in attendance upon court and the services of her solicitor. The fees of such solicitor are on

Lynch v. Lynch.

no other or different footing from any other expenses which she may properly incur.

4. SAME—*The Allowance is for the Wife.*—The allowance of alimony in a proceeding for divorce is for the wife and not for the officers, witnesses or the commissioners who may take depositions, or the master who may perform services, and, so far as such expenses are concerned, if the costs are not paid, the claim of the officers and witnesses for them, is against the wife.

5. SAME—*Motions for, Must be in the Name of the Wife.*—All motions for an allowance of alimony, under the statute, must be in the name of the wife, and the allowance is to be made to her and not the party whom she employs. When collected she may apply it as may be necessary for the prosecution of her suit.

6. SOLICITOR'S FEES—*No Allowances for Past Services.*—In a proceeding for divorce, the general rule is, that there can be no allowance on account of the complainant's solicitor's fees for past services.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge. presiding. Heard in this court at the March term, 1901. Reversed. Opinion filed January 16, 1902.

**Statement.**—This is an appeal from the following order entered November 20, 1900, in a suit for divorce by appellee against appellant:

"This cause coming on this day to be heard upon the master's report as amended, filed July 5, 1900, and upon the objections of Nathan Neufeld and Clara Lynch, which objections shall stand as exceptions, and upon the exceptions of the defendant and upon testimony heard in open court and the argument of the counsel for the respective parties, and the court, being fully advised in the premises and upon consideration thereof, overruled the exceptions of said John J. Lynch, defendant, and sustained the objections of Nathan Neufeld and Clara Lynch, and orders that said report be and the same is hereby modified as by this decree hereinafter provided. That the court finds from the evidence that there is now actually due complainant from said defendant, John J. Lynch, for the solicitor's fees of Nathan Neufeld, the sum of two hundred and fifty dollars. It is therefore ordered that the defendant, John J. Lynch, pay to the clerk of this court, within one day from this date, for said complainant, the sum of two hundred and fifty dollars, to be devoted to the payment of solicitor's fees of said Nathan Neufeld, which the clerk is directed to turn over to said Nathan Neufeld. It is further ordered that the defendant, John J. Lynch, likewise pay to the clerk of this

court for complainant, to be devoted to the payment of the cost of reference in this cause, the sum of fifty dollars, which said clerk is directed to tax as costs, and that execution issue therefor unless the same is paid within one day, and that the said clerk upon receiving the said sum of money turn the same over to the said Nathan Neufeld for the payment of said master's fees."

Nathan Neufeld acted as appellee's solicitor in filing the bill for divorce. It appears from the record that April 2, 1900, Robert E. Cantwell, a solicitor of the court, moved the court to substitute him as solicitor in the cause instead of Neufeld, and in support of the motion, filed appellee's affidavit, in which she states, in substance, that she wishes Neufeld removed as her solicitor, because she has no confidence in him, and because he, at various times since she had been receiving alimony, had insisted that she should pay him out of her alimony the sum of $2.50 per week, which she was unable to do; that she had paid him $25, and had been informed that he had received, in addition, $75 from appellant, and that she was unwilling to pay him any more for his services in the cause. Nathan Neufeld filed a cross-motion, that, before allowing substitution of solicitor, the court ascertain the amount due him and order appellant to pay the same, which motion the court sustained, and April 11, 1900, entered an order referring the cause to a master, " to ascertain the amount of solicitor's fees due N. Neufeld in this cause and report the same to this court." Subsequently, it was ordered that the master have the testimony on the reference written up, the costs to be paid by appellee, and to be taxed as costs against appellant, after trial, if such should prove proper. July 5, 1900, the master's report was filed finding that it appeared from the evidence that $350 would be a usual, reasonable and customary fee for Neufeld's services. Then followed the order first above quoted. December 14, 1900, appellant moved the court to set aside the order of November 20, 1900, appealed from, and in support of his motion filed the affidavit of appellee and the affidavit of Eugene Clifford, solicitor for appellant.

In appellee's affidavit it is stated, in substance, that De-

cember 12, 1900, she first learned of the order of November 29th; that she never authorized the motion on which that order was based; that, before said motion was made, she had discharged Neufeld and employed Cantwell; that she knew that proceedings were pending to compel appellant to pay additional solicitor's fees, but understood that Neufeld was acting in his own behalf, and did not know her name was being used for that purpose; that anything done by Neufeld in the cause since April 1, 1900, was done without her authority, consent or knowledge, and she repudiates the same.   The affidavit concludes as follows:

" Affiant further says that it is her desire and she hereby requests that the court vacate said order of November 20, 1900, in so far as the same may show or indicate that the said order was obtained at the instance or procurement or by or with the authority or consent of this affiant, and she hereby discharges and releases the said John J. Lynch from compliance with said order in so far as she may legally discharge and release him."

Eugene Clifford deposed that until December 12, 1900, he did not know, and had no intimation that the order of November 20th had been entered.

A brief purporting to be for appellee has been filed here by Messrs. Blum & Blum, solicitors, which appellant's counsel have moved to strike from the files, and in support of the motion have filed the affidavit of appellee, which, omitting title, jurat, etc., is as follows:

" Clara Lynch, being first duly sworn, on her oath, says, that she is the appellee in the above entitled cause, and that she never employed the firm of Blum & Blum, or any member of such firm, to represent her in the above entitled cause, or in any other matter whatever; and, further, that she never authorized or requested any person to employ any attorney to represent her in the above entitled cause, and does not wish to be represented in said cause."

No affidavit is filed in opposition to the motion, but Messrs. Blum & Blum have filed suggestions, in which they state that they were employed to file a brief for appellee by Neufeld, and that they think Neufeld had the right to use appellee's name in the cause, etc.

Eugene Clifford and William W. Fuller, attorneys for appellant.

Blum & Blum, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

We think it apparent from the record that the motion of Nathan Neufeld, made April 2, 1900, was unauthorized by appellee, and was made against her will. Her affidavit, filed in support of the motion to substitute Cantwell for Neufeld, as her solicitor, must have apprised the court that she was unwilling that anything should be done in the cause by Neufeld in her name. She had a clear legal right to discharge Neufeld as her solicitor and employ another, she being responsible to him for the consequences; and although Neufeld was her solicitor of record when the motion to substitute Cantwell for him was made, yet after being informed by her affidavit that she did not wish him to act further for her, we are of opinion that he had no right to make any motion in the cause in her name, and that the court should not have entertained his cross-motion. But, aside from this view, the decree can not be sustained. The order is: "It is therefore ordered that the defendant, John J. Lynch, pay to the clerk of this court, within one day from this date, for said complainant, the sum of two hundred and fifty dollars, to be devoted to the payment of solicitor's fees of said Nathan Neufeld, which the clerk is directed to turn over to said Nathan Neufeld." The order, in providing that the $250 shall be devoted to the payment of Neufeld's fees, and that when the money is paid to the clerk he shall turn it over to Neufeld, is erroneous. In Anderson v. Steger, 173 Ill. 112, a similar order was made, and the court, commenting on the statutory provision for alimony *pendente lite*, say:

"This provision is in favor of the wife, so she may be able to present her cause to the court, to employ counsel and to make proper preparations for trial. She can not bind her husband to pay her counsel, and may be unable to prosecute her suit without the assistance of

the court, and if her bill shows a meritorious cause of action and there is a showing of good faith on her part, the court will extend its aid under that statute.    Harding v. Harding, 144 Ill. 588.    The allowance, when made, is designed to meet all just and reasonable expenses to which she may be put, including the fees of officers and witnesses, taking depositions, expenses in attendance upon court and the services of her solicitor; and the fees of such solicitor are on no different footing from any other expenses which she may properly incur.    The allowance is for her, and not for the officers or witnesses, the commissioners who may take depositions or the master who may perform services.    So far as such expenses are concerned, if such costs are not paid the claim of the officer or witness is against her; and it would not be proper for the court to make orders in favor of such parties against the defendant, so as to bring into the suit all those parties, and give each one a separate writ of error in case the court should refuse to order defendant to pay his fee.    Any motion for allowance under the statute must be in her name and the allowance is to be made to her and not to the party whom she employs.    When collected, she may apply it as may be necessary for the prosecution of her suit.    The right being in her, the decree of the Circuit Court should not, in any event, have been in favor of her solicitor, but should have followed the statute and required the money to be paid to her or to the clerk for her use.    The Appellate Court would have been justified in reversing the decree for that reason, but it is also erroneous for other reasons."    Ib. 118–119.

In this case it is apparent from the evidence reported by the master, including Neufeld's own testimony, that all of Neufeld's claim, for which the allowance was made, was for past services, and that the greater part of the claim allowed was for services other than were necessary in the preparation and filing of the bill.    Neufeld testified that he had received $75 by order of the court, and that appellee herself had paid him $25, out of which he paid the costs, presumably $10, on filing the bill, and the sheriff's fee for service of summons; and one of his own witnesses, Mr. Bynam, a competent attorney, testified that preparing the bill and commencing suit, was worth $50.    There has been no final decree of divorce against appellant.    In such case, the general rule is that there can be no allowance on account

of the complainant's solicitor's fees for past services. Anderson v. Steger, 173 Ill. 119–20.

The only exception to the rule is thus stated by the court:

" From the necessities of the case, the solicitor may prepare a bill and render such services as may be necessary to present her application to the court, and until there shall be a session of the court, when her application can be made for an allowance, but no further." Ib. 120.

While we do not in the least question the good faith of the solicitors who filed a brief for appellee, the motion to strike the brief from the files, purporting to be for appellee, must be sustained. An attorney or solicitor has not, merely by virtue of his employment as such, power to employ for his client another attorney or solicitor, much less has a solicitor who has been discharged by his client, such power.

We regard appellee's affidavit in support of the motion to strike the brief from the files, as a virtual confession of errors, but prefer to rest our decision on the other grounds stated.

The brief and argument purporting to be for appellee will be stricken from the files, and the decree will be reversed.