(107 N. W. 365.)

---

AMELIA TONN v. MICHEL TONN.

Opinion filed February 19, 1907.

**Divorce — Appeal — Application for Temporary Alimony — Jurisdic-
tion.**

The Supreme Court has no jurisdiction, while an action for
divorce is pending and untried in the district court, to entertain a
motion for the allowance of counsel fees to enable counsel to pre-
pare and present an appeal from an order of the district court re-
quiring the husband to provide for the maintenance of the wife, pend-
ing the final determination of the action, and for counsel fees in
the main case; and, if the Supreme Court had jurisdiction, it would
be determining in advance of the determination of such appeal the
very questions pending on the appeal, as far as they relate to main-
tenance.

Action by Amelia Tonn against Michel Tonn. Application for
allowance of temporary alimony pending appeal from order grant-
ing temporary alimony and counsel fees.

Denied.

*S. E. Ellsworth,* for the motion.
*Fredrus Baldwin,* opposed.

SPALDING, J.   The plaintiff commenced an action of divorce by service of summons and complaint, and the defendant duly answered.   Subsequently plaintiff procured an order to show cause why, among other things, defendant should not be required to pay her counsel fees, and for her maintenance, pending the final determination of the action.   On the hearing of the order to show cause the district court entered an order requiring defendant to make payments for both purposes.   The plaintiff, not being satisfied with the sums allowed, has taken an appeal to this court from such order, and such appeal is now pending.   She now comes before this court with an original application for an order requiring the defendant to pay counsel fees for preparing and presenting the appeal from the order of the district court, and for an allowance for maintenance pending the determination of her appeal from the order of the district court.   She has refused to accept any benefits under the order appealed from.

While several states hold that it is within the province of the Supreme Court to grant orders for payment of counsel fees and maintenance of the wife pending an appeal from the decision in the main case, and while this court might have jurisdiction in such case, we see no reason why we should entertain a direct application for such purpose where the main action is still pending in the district court.   That court still has jurisdiction and power to award to the wife any reasonable sum for attorney's fees and maintenance on application during the pendency of the appeal from the former order, and to entertain an application like this would be to assume burdens which properly may be and should be carried by the district court.

Still, further, in so far as this application relates to maintenance pending the appeal from the order of the district court, it relates to the same subject and matter which the district court has already passed upon, and which is before this court for review on appeal as to its adequacy and reasonableness under the circumstances; and for us to pass upon this application would be to prejudge the very thing that is pending on appeal.   Counsel has cited us no authorities in point, and we have, after diligent search, found only one which appears to be at all applicable to the principle here involved.   One case in Wisconsin (Weishaupt v. Weishaupt, 27 Wis. 621) at first glance appears to be identical with this, but the record is meager, and the court entered into no discussion of the question whatever, and from a careful inspection it would seem that the

whole case may have been before the Supreme Court, and that the lower court had lost jurisdiction to enter any order in the case, and, at any rate, the question of jurisdiction to entertain the motion was not raised.

We are further of the opinion that this is not one of the classes of original applications which, under the constitution and laws, can be made in the first instance to this court. This court is primarily a court of appeals, and section 4074 of the Revised Codes of 1905 provides for appeals from all orders and decrees touching the alimony and maintenance of the wife, and, as we have shown, such an appeal is now pending. This is not an application for any of the writs mentioned in section 87 of the constitution, and is not an order nor a writ necessary to the proper exercise of the jurisdiction of this court.

The motion is therefore denied. All concur.