# BAILEY v. BAILEY.

### (134 N. W. 747.)

**Divorce — temporary alimony — suit money — notice.**

1. Under § 4071 of the Civil Code, providing that "while an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action," the court has power to order the payment of any reasonable sum for such purposes; but such allowance should be made only upon due notice to the husband, giving him a reasonable opportunity to resist the application therefor.

**Divorce — suit money.**

2. The object of § 4071 is to enable the wife to properly present her cause

---

Note.—As to power to grant alimony in a divorce proceeding without personal service of process, see note in 9 L.R.A. (N.S.) 593.

of action or defense to the court; and if she has ample means of her own to enable her to do this it should be an abuse of discretion to require the husband to make such allowance.

**Divorce — suit money — notice of application for.**

3. Where the wife, who is plaintiff, is a resident of this state and the husband a resident of Nebraska, and an order to show cause why defendant should not furnish the plaintiff suit money, and attorneys' fees is made returnable in two days after the service thereof on defendant's local attorney in this state, *held* that a reasonable opportunity was not afforded defendant to appear and resist such application; and it was an abuse of discretion to deny defendant's motion for a continuance of the hearing, under such order, to show cause.

**Divorce — suit money — ordering payment to attorney.**

4. The order of the court, requiring defendant to pay to the plaintiff the sum of $150 suit money and $100 as attorneys' fees, was erroneous, as the court has no power to require the payment of such sums to the attorney. Such allowances are for the benefit of the wife, to enable her to prosecute or defend the action, and should be made payable to her.

Opinion filed January 30, 1912.

Appeal from District Court, Ramsey county; *E. B. Goss,* J.

Action by Jane Bailey against Samuel D. Bailey for divorce. From an order awarding suit money and attorneys' fees to be paid to the plaintiff, defendant appeals.

Reversed.

*W. E. Gantt* and *L. J. Wehe,* for appellant.

*P. J. McClory,* for respondent.

FISK, J. This is an appeal from an interlocutory order, made by the district court of Ramsey county in a divorce action, requiring appellant to pay the plaintiff's attorney the sum of $150 suit money, and the further sum of $100 as attorneys' fees.

Appellant alleges twenty assignments of error, but they are all predicated upon the grounds: First, that defendant was not afforded a reasonable opportunity, or any opportunity, of a hearing on the application for the allowance on such suit money and attorneys' fees; second, that it was error to require the payment of such suit money and attorney's fees directly to plaintiff's attorney, instead of to the plain-

tiff; and, third, under the showing, it was error to grant any allowance for such purpose, for the alleged reason that the evidence shows that the plaintiff was not entitled to such allowance. We shall notice the first two grounds only.

The plaintiff is a resident of Devils Lake, and her cause of action is alleged extreme cruelty and nonsupport. The defendant, a resident of the state of Nebraska, answered, denying the alleged cruelty and nonsupport, and by way of cross-bill prays for a divorce from the plaintiff upon the ground of desertion on plaintiff's part; and he alleges that he is possessed of no property, except a home in New Castle, in Nebraska, worth $2,000, and an undivided half interest in lots 1 and 2, block 2, of Ruger's addition to Devils Lake, worth about $1,000; and that the plaintiff owns the other undivided one-half interest in such lots, and is occupying the same as her home. He also alleges that the plaintiff, in addition to her interest in such lots, is the owner of 300 acres of land near Devils Lake, worth and of the value of at least $10,000 over and above all encumbrances, which answer is duly verified by the defendant personally.

The record discloses that on September 29, 1910, defendant's counsel served notice upon counsel for plaintiff of the taking of the depositions of divers and sundry witnesses at New Castle, Nebraska, on October 10th, and at Sioux City, Iowa, on October 14th. Thereafter, and on October 3d, plaintiff made application, supported by her affidavit, for an order to show cause why defendant should not pay to plaintiff a reasonable sum as attorneys' fees and suit money, and an order to show cause was accordingly issued, returnable on October 6th. Such order was not served on defendant's local attorney, L. J. Wehe, until October 4th. On the return day of such order to show cause, defendant's said attorney appeared and moved for a continuance of the hearing on such order to show cause for reasonable time to enable defendant to furnish proof in resistance of such application. Such motion for continuance was supported by the affidavit of said attorney, alleging that, owing to the fact that defendant was in Nebraska, it was utterly impossible for him to appear on such hearing or to furnish any rebuttal proof, and that two days was wholly insufficient time allowed to him for such purpose, and he asked for a continuance for a week or ten days. His motion for

such continuance was denied and an exception allowed, and thereupon the order complained of was made.

We are reluctant to disturb orders of this kind; but we are compelled to do so in this instance, for the obvious reason that we deem the action of the trial court a clear abuse of discretion under the facts. Defendant, having been cited to show cause, was entitled to a hearing on such application, and manifestly no sufficient opportunity was afforded him. Counsel for plaintiff give as a reason for this short order to show cause that it was necessary, in order to permit plaintiff to be represented at the taking of said depositions; and he states in his printed brief and on oral argument that the court offered to grant the continuance asked for, on condition that defendant's counsel would agree to abandon the taking of said depositions until a later date. If the record disclosed that such an offer was made, we would be confronted with an entirely different situation. The record, however, is silent on this point, and we are bound by the record presented to us. If authorities are needed in support of defendant's rights to a hearing on such application, see 14 Cyc. 756 & 761, and cases cited. In Mudd v. Mudd, 98 Cal. 320, 33 Pac. 114, it is true that it was held, under a statute identically the same as our § 4071, Rev. Codes 1905, that the court has power to grant such allowances on an *ex parte* application, and that the giving of notice to the husband is a favor granted him by the court, and consequently that the notice may be of such length as the court may choose to fix. It is also therein stated that in practice in that state such applications are usually made *ex parte*. In North Dakota the usual practice has been to give notice; and we certainly think this the better practice and more consistent with sound principles. Why should the husband's property be taken from him, even for such purposes, without giving him his day in court? He should have an opportunity to show, if he can, that the wife is abundantly able to support herself, and to prosecute or defend the action out of her own separate estate; and he should likewise be given a reasonable opportunity of showing the nature and extent of his property. The rule might be otherwise if, as formerly, the wife could own no separate estate.

The books are full of cases holding that temporary alimony, suit money, and counsel fees will be granted the wife almost as a matter of course; but this rule had its origin at a time when the wife was not

permitted to own any separate estate. It is the rule of the ecclesiastical courts of England, and it ought not to have any application under our present statute. The reason for the rule having ceased, the rule itself should cease. The wife is now on an equality with her husband, so far as the right to own and control property is concerned; and where she has ample means of her own it would ordinarily be an abuse of discretion to require her husband to furnish her with temporary suit money and attorneys' fees in a divorce action, for all she is entitled to is to be placed on an equality with her husband, so far as the ability to prosecute or defend the action is concerned. Under the provisions of § 4071, Rev. Codes, which authorizes the allowance to the wife from the husband of temporary alimony and suit money, the trial court is not given unlimited discretion in the matter. It has authority to award such allowances, if, in the exercise of a sound discretion, it deems the wife entitled to such relief. This statute clearly supersedes the rule of the ecclesiastical courts of England, which allowed the wife suit money almost as a matter of course.

The second ground urged for a reversal of the order is that the allowance was made payable to the plaintiff's attorney, instead of to her. There seems to be some conflict in the adjudications upon this question; but we think the great weight of authority, as well as reason, supports appellant's contention that the order should require the allowance to be paid to the wife, and not to her attorney. Section 4071, supra, provides that such allowances are "to enable the wife to support herself or her children, or to prosecute or defend the action." While some courts have held that an order which makes such allowance payable directly to the attorney is merely irregular, and not void, the weight of authority, and, we think, the better and sounder rule of practice, is to the contrary. Sharon v. Sharon, 75 Cal. 1, 16 Pac. 345; Lynch v. Lynch, 99 Ill. App. 454; Callies v. Callies, 91 Ill. App. 305; Anderson v. Steger, 173 Ill. 112, 50 N. E. 665; Kowalsky v. Kowalsky, 145 Cal. 394, 78 Pac. 877; Kellogg v. Stoddard, 89 App. Div. 137, 84 N. Y. Supp. 1015; 14 Cyc. 766, and cases cited.

For the foregoing reasons, the order appealed from must be reversed, and it is so ordered.

Goss, J., being disqualified, took no part in the decision.