## LAKE GROCERY COMPANY, a Corporation, v. LORETTA CHIOSTRI.

### (154 N. W. 533.)

**Order of district court — notice of — appeal from — within sixty days after — filing order with clerk — appeal.**

An appeal to the supreme court, from an order of the district court, under § 7820, Comp. Laws 1913, must be taken within sixty days after notice thereof, and can be taken before such order is filed with the clerk of the district court.

Opinion filed October 19, 1915.

*Middaugh & Hunt,* of Devils Lake, North Dakota, for plaintiff and appellant.

*Cowan & Adamson,* of Devils Lake, North Dakota, for defendant and respondent.

BURKE, J. On July 9, 1915, an order was signed by the district court denying plaintiff's motion for judgment notwithstanding the verdict. This order was in the hands of defendant's attorneys sixty days later when they served the same upon appellant's attorneys. The same was, however, evidently withheld from record until the 14th of September, 1915, after the expiration of sixty days from its service.

On the 20th of July, 1915, an appeal from said order was perfected and the record transmitted to this court.

Respondent now moves this court to dismiss said appeal upon the grounds, first, "that said order of the district court bears date the 9th day of July, 1915, and appellant's attorneys admitted service thereof on July 15, 1915; second, that said order was not filed with, or entered by, the clerk of the district court of Ramsey county, North Dakota, until September 14, 1915, and appellant's attempted appeal from said order is dated July 15, 1915, and notice of appeal and undertaking was served on respondent's attorneys on July 15, 1915." The question is, therefore, whether the appeal was void because premature. Section 7820, Comp. Laws, 1913, reads: "An appeal from a judgment may be taken within six months after the entry thereof by default, or after written notice of the entry thereof, in case the party against whom it is entered has appealed in the action; and from an order *within sixty days after written notice of the same shall have been given to the party appealing;* provided, however, that upon a showing of reasonable diligence by the appellant, the district, or in case of its refusal so to do, the supreme court may order that the record shall remain in the district court for such time as shall be necessary to enable the appellant to properly prepare and have the same certified." It will be noted that an appeal from the judgment must be taken within six months after the *entry* thereof. That an appeal from an order may be taken within sixty days *after written notice* of the same shall have been given to the party appealing. In Heald v. Strong, 24 N. D. 120, 138 N. W. 1114, it was held that said statute limits the time for taking an appeal from an order to sixty days from the time written notice of such order shall have been given to the party appealing. If respondent's contention is correct,—by simply serving and withholding from record the original order, the sixty days' time for filing could be set in motion and yet no appeal could be taken,—appellant's

only remedy would be to resort to legal proceedings to compel the filing of the original. We do not believe this was the legislative intent.

In the case of judgments, not only is the time for appeal much longer, thus allowing appellant time to force respondents to file the order for judgment, but the time for appeal does not begin to run until the same has been entered. If, therefore, an order for judgment is withheld, the time for appeal is automatically extended. If, however, an order denying a motion for judgment notwithstanding the verdict is withheld from record but served upon opposing attorneys, the time within which an appeal may be taken starts to run from the date of service. The distinction is obvious. The motion to dismiss is denied.

Appellant makes as a countermotion that the record be remanded to the district court for the addition of this belated order and the judge's memorandum decision. This motion will be allowed. Neither side will recover costs.