**DeRicci Powers HELLER, Plaintiff and Respondent,**

**v.**

**William E. HELLER & John Alsop, as Guardian ad litem for William E. Heller, Defendants and Appellants.**

No. 7556.

Supreme Court of North Dakota.

Feb. 11, 1957.

Lanier, Lanier & Knox, Fargo, for appellants.

Nilles, Oehlert & Nilles, Fargo, for respondent.

BURKE, Judge.

In February 1954, plaintiff sued the defendant for divorce. On December 17, 1954, the District Court of Cass County entered its order fixing and allowing the plaintiff temporary alimony and support money for her and the small child of the parties in the sum of $200 per month for each month from and after March 1954. Notice of the entry and docketing of this order was served upon defendant's attorney on December 21, 1954. On April 1, 1955, the defendant served upon the plaintiff and her attorneys a notice of appeal from the order of December 17, 1954. On April 4, 1955, the defendant served a Notice of Motion to modify the order of December 17, 1954. This motion was denied upon June 8, 1955. On June 21, 1955, the plaintiff appealed from the order denying this motion. On August 4, 1955, pursuant to a motion by the plaintiff, a judgment was entered against the defendant for the total amount of temporary alimony and support money then past due and unpaid in the sum of $3,600. On September 22, 1955, defendant appealed from this judgment. All three appeals were argued together.

■ At the outset of our consideration of these appeals we are confronted with a jurisdictional question. The appeal from the order of December 17, 1954, was not taken until April 1, 1955. Notice of the entry of this order was served on December 21, 1954. Thus more than 60 days elapsed between the service of notice of the entry of the order and the appeal therefrom. The time for taking an appeal from an order is limited to 60 days. Section 28–2704, NDRC 1943. This limitation is jurisdictional and unless an appeal is taken within the limited time it is ineffectual for any purpose. Heald v. Strong, 24 N.D. 120, 138 N.W. 1114; Lake Grocery Co. v. Chiostri, 31 N.D. 616, 154 N.W. 533; Peterson v. Wolff, 68 N.D. 354, 280 N.W. 187. The appeal from this order must therefore be dismissed.

Upon the appeal from the order denying the motion to modify the order of December 17, it is urged that the trial court failed to give adequate consideration to the ability of the defendant to pay and to the plaintiff's ability to support herself; and that the re-affirmance of the award of December 17, constituted an abuse of judicial discretion.

At the hearing upon the motion to modify, affidavits as to the financial status and the health of the parties were presented to the court. In addition to the affidavits certain audit reports and an appraisal were also received in evidence.

These show that the defendant owns one third interest in an estate which is described as the Heller Trust. The property of the Trust consists of several tracts of real property which have a value in excess of $130,-000. In 1953, the gross rental income from this property was $26,644.30 and the net income $16,968.55. In 1954, the gross income was $29,305.13 and the net was $15,-960.55. In addition to his interest in the Heller Trust the defendant also owns an undivided half interest in a dairy farm of 1115 acres located in the Red River Valley near Fertile, Minnesota. As of December 13, 1954, the dairy herd comprised 49 cows, 8 heifers, 20 calves and two bulls. According to an audit report submitted, the livestock had a value of $7,000 and the land and buildings a value of $23,500. The total farm assets were stated to be $30,521 and the liabilities $27,591.62 leaving a net worth

of the farm as an asset in the sum of $2,929.88.

It is interesting to note, however, that the depreciation schedule for this farm shows buildings and equipment which cost in excess of $17,000 and 39 milk cows which cost $11,490 or over $290 a head. To us this indicates that the valuation of $7,000 which is now placed on 69 head of dairy stock and the valuation of $23,500 now placed upon the buildings and equipment and 1,100 acres of land can only be considered as ultra conservative.

The defendant has been mentally ill for several years. He has been treated in hospitals specializing in the care of the mentally disturbed. At times he has shown improvement and at other times relapses. Whether he ever again will be able to engage in his profession as a lawyer is very doubtful.

The plaintiff owns 83 acres of land located near Fargo which were given to her by the defendant. The crop rental income from this land is $500 a year and the rental of the tenant house thereon amounts to $320 a year. In addition the plaintiff has an income of $1,154 a year from investments. Thus her total income is $1,974 a year.

The plaintiff is emotionally unstable and while her case is probably not as aggravated as that of the defendant she also has received institutional treatment for mental or nervous disorders. It appears from the record that the small child of the parties of which the plaintiff has custody needs regular medical care.

There can be no doubt that the parties are confronted with an exceedingly difficult problem. They are both ill and in need of costly medical care. The ability of either to earn any substantial sums is doubtful. Each has an expectancy of many years of life. The welfare of a small daughter is also at stake. These considerations point up the advisability of keeping the income producing assets of the parties intact and

in limiting the allowance for support to one which can be paid out of defendant's income.

■ The statute which authorizes an award of temporary support pendente lite is Section 14–0523, NDRC 1943. It vests the court with discretionary power to require the payment of any money necessary for support or to prosecute or defend the action. The main considerations in making an allowance for support money are the needs of one party and the ability of the other to pay. 27 C.J.S., Divorce, § 212, p. 906. In Bailey v. Bailey, 22 N.D. 553, 557, 134 N.W. 747, we said: " * * * all she is entitled to is to be placed on an equality, * * * so far as the ability to prosecute or defend the action * * *."

■ It was urged by defendant that he should not be required to pay support money because he is indebted to the Heller Trust in the sum of $3,790. This contention cannot be sustained. Defendant's first duty is to his family and we have no doubt from reading the record that defendant can make arrangements with the Heller Trust to pay or defer the payment of this indebtedness without materially impairing his income producing assets or his ability to pay the support ordered.

■ The defendant also states that he would like to devote all of his income to a long and expensive treatment which he believes would completely rehabilitate him. He states that if the plaintiff's income is not sufficient to support her and the child of the parties, that she has well-to-do relatives who will see that they are well cared for. Such a proposal completely ignores the fact that it is statutory duty of the husband and father to support his wife and child. Sections 14–0703, 14–0908, NDRC 1943. The wife cannot be compelled to rely upon contributions from her relatives, which may or may not be grudgingly made. The income of both parties must be devoted equitably in so far as it

will reach, to the support of the whole family.

Our consideration of the record in this case raises a serious question in our minds as to whether the total income of the parties is sufficient to provide the support, care and treatment that is reasonably necessary and desirable for the whole family. In this situation all we can do is to approve an award which in our opinion will divide what income there is upon a basis which we consider fair and equitable.

As has been pointed out the income of the plaintiff is in round figures $2,000 a year. That of the defendant is $5,300. The total is $7,300. We think it fair to allow each of the parties $3,500 a year and to the plaintiff who has custody of the child the additional $300 for her support. Thus the defendant should pay to plaintiff monthly support at the rate of $1,800 a year, or $150 each month. We therefore direct that the order of the district court allowing support at the rate of $200 a month be modified accordingly.

The next question which confronts us is whether this modification can apply to installments of support money which were past due and unpaid under the original order at the time defendant made his motion for modification. Upon this question there is considerable contrariety of opinion in the reports of decisions. The weight of authority, numerically, favors the view that the right to such past due installments vests in the party entitled thereto under the order and that therefore they are not subject to modification upon motion made subsequent to their due date. The other view which is supported by substantial and well reasoned authority is to the effect an order of modification may be made effective retrospectively as well as prospectively. See Annotation, 94 A.L.R. 331; Nelson on Divorce, 2d ed. Chapter 17, Sec. 17.05. In Nelson on Divorce it is stated: (2d ed. Ch. 17, 17.05 pp. 423, 424) "The minority view, holding past-due as well as future installments subject to

change by the court, seems to be much more in accord with reason than the majority rule." We are in accord with this statement at least in so far as it relates to temporary alimony where the award is for support alone and is not concerned with a property division. This distinction is emphasized in Duss v. Duss, 92 Fla. 1081, 111 So. 382. In that case the court said that there is a marked distinction between an award of permanent alimony and an allowance of support pendente lite as there is no absolute or vested right in a party to receive or collect temporary alimony. We therefore direct that the modification heretofore ordered be made applicable retrospectively as well as prospectively.

Our decision that the original order may be modified with respect to past due installments brings within the scope of this decision the contention that it was error for the court to make its original order of December 17, 1954, relate back to March 1, 1954. We think this contention is sound for the obvious reason that at the time of the application the plaintiff had received support from some source during the period from March to December so that an allowance for support during that period was not necessary. In Hodous v. Hodous, 76 N.D. 392, 36 N.W.2d 554, 12 A.L.R.2d 1051, this court had under consideration an award of $419.24 for hospital and medical expenses which were incurred six months prior to the application for support money. In that case the court said that the defendant should have paid and could have been compelled to pay this expense as a part of his duty to support his wife but held that the trial court erred in including the item in its allowance for temporary support, because it was not necessary for plaintiff's support to pay a debt incurred six months prior to the application for the award. The expenses incurred by the plaintiff for her support, prior to her application for an allowance for support, fall into the same category and for that reason the order of the district court must

be further modified by striking the provisions of the order which made it retroactive to March 1, 1954. As amended the order will provide for an allowance of $150 a month after December 17, 1954.

It follows that the judgment appealed from must be amended to conform to the order of the district court as modified by this court. The case is remanded to the district court for further proceedings in conformity with this opinion.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.