Belle PETERSON, Plaintiff and Appellant,

v.

Albert N. PETERSON, Defendant and Respondent.

No. 8080.

Supreme Court of North Dakota.

Dec. 3, 1964.

Duffy & Haugland, Devils Lake, for appellant.

Kessel & Splitt, LaMoure, for respondent.

BURKE, Judge.

Plaintiff and defendant were divorced by a decree entered on December 30, 1960. Incorporated into the decree were the terms of a property settlement agreed to by the parties.

This judgment provided that plaintiff should receive 160 acres of farm land free of encumbrances, 480 acres of farm land subject to a contract for deed upon which $15,000.00 remained to be paid, payable $1,000.00 each year with 4% interest, the home of the parties in Valley City; a 1958 Edsel car, a cash payment of $7,500.00, and 5 promissory notes in the total sum of $5,000.00 secured by a chattel mortgage upon 24 Black Angus cows and 1 Black Angus bull. It provided that defendant was to receive 800 acres of farm land which was subject to a mortgage for $2,850.00 to the Federal Land Bank, a 1951 Dodge car, all farm machinery including a 1958 Ford truck, and all livestock and personal property on the farm of the defendant. The judgment also provided that defendant should pay to plaintiff an allowance for the support of each of two children.

In September 1961, defendant suffered a heart attack and as a result has become totally disabled from engaging in farming operations. His claim for total disability was allowed by the Social Security Administration as of April 1, 1962. Since that time he has received social security benefits

of $120.00 a month and plaintiff has been receiving $60.00 a month for the support of Albert, Jr., as a dependant of the defendant under the age of 18. Plaintiff also received $75.00 in April and May 1962, from the defendant for the support of Albert. Defendant discontinued his payments as of June 1, 1962. During June, July and August 1962, Albert worked for his father on the farm and earned a net sum of $800.00 during these months.

In the fall of 1962, defendant moved the court for a modification of the order relating to support payments for the two children. In this motion he asked to be relieved of any obligation to pay for the support of the eldest son, Victor Peterson, and that the support payments for Albert Peterson, Jr., be reduced to the $60.00 a month which would be paid through social security. The motion was grounded upon alleged changed circumstances both with respect to defendant's financial condition and his health. Plaintiff appeared in opposition to the motion and urged, (1) that the court was without authority to modify an agreement that had been incorporated into a judgment pursuant to an approved stipulation; and (2) that there was no change in conditions sufficient to warrant a modification of the judgment. The trial court granted defendant's motion with the proviso that he should pay the $800.00 which he conceded that he owed his son, Albert, Jr. Plaintiff has appealed from the order granting the motion.

In support of her contention that the trial judge was without power to modify a decree entered in accordance with a stipulation of the parties, plaintiff has cited the case of Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817. In the Sinkler case, this court construed the stipulation of the parties and the judgment entered thereon to relate to a distribution of the estate of parties only and not to relate to an allowance for support of a wife or children of the marriage. We said that a judgment for the division of property entered upon such a stipulation was not subject to subsequent modification except upon grounds upon

which ordinary judgments may be set aside. In reaching this conclusion we drew a clear distinction between agreements for a distribution of property and agreements for support. We said: "Is the decree made by the district court in 1917 one that may be modified fundamentally by the court after five years, under section 4405? In so far as it relates to the support of the children or their custody, or to alimony, that is, support for the wife, it can." 49 N.D. 1150, 194 N.W. 817, 819.

In the instant case the stipulation and the judgment are each divisible. They relate to a property settlement and also to an allowance for support of the children. By the express language of the Sinkler case the allowance for support is subject to modification. See also, Eisenbarth v. Eisenbarth (N.D.) 91 N.W.2d 186; Bryant v. Bryant (N.D.) 102 N.W.2d 800. It is our view, therefore, that the trial judge had the power to modify the decree with respect to support of the children upon a proper showing of a change in the circumstances of a party.

The evidence taken at the hearing discloses that the stipulation of a property settlement at the time of the divorce contemplated an equal division of the assets of the parties. As a result each party was assigned property of an agreed net value of $47,500.00.

The property decreed to the defendant had a gross value of $52,350.00. Defendant's secured and unsecured debts amounted to $4,850.00 which reduced the gross value to a net value of $47,500.00. The stipulation and judgment also provided that defendant should pay the plaintiff $75.00 a month for each of the children. It provided that these payments could be discontinued for each child at the age of 18 years unless the child attended college in which case the payments should be increased to $100.00 a month until the child reached the age of 21 years. These provisions as to support were no doubt made in view of the fact that the defendant at that time was engaged in profitable farming operations.

The record shows that the farming operations of defendant had not been profitable during the two years subsequent to the entry of the divorce judgment and that to meet the required payments he, on occasions, had to borrow money. A summary of his testimony shows that his indebtedness had increased from $4,850.00 to over $17,000.00, and that his net worth had decreased by at least $12,000.00 to $13,000.00. The mortgage indebtedness on his 800 acre farm has increased from $2,850.00 to $9,000.00. Defendant had current assets, including unsold livestock, wheat and soil bank payments for 1962, of the estimated value of $7,496.00. He had current liabilities of $8,776.00. For expected future income he had the rent and soil bank payments to become due from his farm and $120.00 a month social security payments. At age 62 he would also have insurance disability payments. He was 57 at the time of the hearing on this motion.

Defendant's, son Victor, was 19 years of age and a second year student at Valley City Teachers' College. His son, Albert, was under the age of 18 and plaintiff was receiving $60.00 a month social security for his support. Both boys had worked during the summer of 1962.

It appeared, therefore, that between the time of the divorce decree and the hearing on the motion to modify it, defendant had become totally disabled from engaging in farming operations and that his financial worth had deteriorated in a substantial degree. Upon this showing the trial judge made an order relieving him of making any further payments under the decree, but required him to pay $800.00 which he owed to his son, Albert. This modification was made with the understanding that the $60.00 a month social security for Albert would continue.

■ A substantial change in the circumstances of the parties having been established, it was within the discretion of the trial court to determine whether the change was sufficient to justify a modification of the decree. 27B C.J.S. Divorce § 322 (1), p. 691. In Bryant v. Bryant, 102 N.W.2d 800, 810 we said:

"A reviewing court is very reluctant to disturb the award of a lower court or to interfere in any way with the sound exercise of discretion by such court in determining the proper amount of alimony for support or for expenses to be paid by one of the parties to such divorce suit. Any successful attack upon such order must be based upon an abuse of discretion, which abuse is never assumed but must be affirmatively established."

■ In reaching his decision the trial judge took into consideration the financial ability and the health of both the father and mother, the ability of the boys to contribute to their own support and the social security payments. It does not appear that the modification of the order was such that it constitutes an abuse of discretion.

The order of the District Court is therefore affirmed.

MORRIS, C. J., and ERICKSTAD and TEIGEN, JJ., concur.

STRUTZ, J., did not participate.