**Viola M. KELLER, Plaintiff and Respondent,**

**v.**

**Pius J. KELLER, Defendant and Appellant.**

**Civ. No. 8467.**

Supreme Court of North Dakota.

April 25, 1968.

Rehearing Denied May 28, 1968.

Wolf, Glaser & Milhollan, Bismarck, for plaintiff and respondent.

Floyd B. Sperry, Bismarck, for defendant and appellant.

STRUTZ, Judge.

The plaintiff brings this action for separation from bed and board. From a temporary order requiring the defendant to make certain temporary payments for the support and maintenance of the plaintiff and the minor children of the parties, restraining the defendant from molesting the plaintiff and the children, and ordering the defendant to remove himself and his business from the home of the parties, all pending trial of the action on its merits, the defendant has appealed to this court. On the filing of his appeal from such order, the defendant made application that the order appealed from be stayed pending appeal. The trial court granted a stay of that portion of the order requiring the defendant to remove himself and his business from the home of the parties, conditioned upon the defendant's filing a stay bond.

Thereafter, the plaintiff made a motion in this court for a dismissal of the defendant's appeal, contending that the order appealed from is an interlocutory order and not appealable.

We must first consider the motion to dismiss defendant's appeal, for if the order from which the defendant has attempted to appeal is not an appealable order, no further consideration need be given to the appeal.

Generally, the right to appeal is statutory and may be exercised only when authorized by law. City of Minot v. Minot Highway Center, Inc. (N.D.), 120 N.W.2d 597; In re Edinger's Estate (N.D.), 136 N.W.2d 114; In re Bjerke's Estate (N.D.), 137 N.W.2d 225.

The trial court has the power to grant temporary orders for support and maintenance and temporary restraining orders pending appeal. Sections 14–05–23 and 14–06–02, North Dakota Century Code, specifically authorize temporary-support and suit-money orders in divorce actions and in actions for separation from bed and board. Authority to restrain or enjoin a spouse from molesting or interfering with the other spouse pending trial is exercised by the court under its inherent power to make its decrees and orders effective. 27A C.J.S. Divorce § 103, p. 358; 24 Am. Jur.2d Divorce and Separation, Sec. 1002, p. 1142.

Whether the order requiring the defendant to pay temporary-support and suit money, enjoining the defendant from molesting, interfering with, or annoying the plaintiff or the children, and ordering the defendant to remove himself and his business from the home of the parties is appealable may no longer be disputed in this State. In the early case of Tonn v. Tonn, 16 N.D. 17, 111 N.W. 609 (1907), an order requiring the defendant to pay to the plaintiff counsel fees and maintenance pending final determination of the action was held to be an appealable order. In Heller v. Heller (N.D.), 81 N.W.2d 124, this court heard and determined on the merits an appeal from such an order. And

in Albrecht v. Albrecht, N.D., 99 N.W.2d 229, at page 236 (1959), this court, speaking through the Honorable James Morris, said:

"It is pointed out that in our opinion we failed to make any disposition with respect to or mention of a 'temporary order' * * * directing, among other things, that the defendant pay to the plaintiff as temporary support money for herself and children the sum of $22.50 each week during the pendency of the action. That order was served on the defendant on June 1, 1954. It was appealable under that portion of Section 14–0525 NDRC 1943 that provides:

'The disposition of the homestead by the court, and all orders and decrees touching the alimony and maintenance of either party to a marriage and for the custody, education, and support of the children are subject to revision on appeal in all particulars, * * *.'"

Thus this court has held that such temporary orders in divorce actions are appealable. We hold that temporary orders in an action for separation from bed and board, in which the defendant has counterclaimed for a divorce, also are appealable under this section. We therefore find that that portion of the order which required the defendant to pay temporary-support and suit money, and which enjoined the defendant from molesting, interfering with, or annoying the plaintiff and the children, is appealable.

That portion of the trial court's order which requires the defendant to remove himself and his business from the home of the parties is appealable, not only as a temporary order in an action for separation from bed and board, but is appealable also under the provisions of Section 28–27–02(3), North Dakota Century Code. It is an order which requires and commands the defendant to do a positive act and therefore comes within the provisions of this Act. It is a mandatory order requiring the defendant to remove himself and his business from the home and commands him to do a specific thing. As such, it is an appealable order.

■ Since the order is appealable as a temporary order in a divorce action or in an action for separation from bed and board, and as an order coming within the provisions of Section 28–27–02(3), North Dakota Century Code, we next will consider whether the order was properly granted in this case on the showing made by the plaintiff. While the trial court has the power to issue temporary orders, including orders which require one of the parties to remove himself or herself from the home of the parties, an order should not be issued which requires one of the parties to remove himself or herself from the home except on a showing that the health, security, and well-being of the other party or the minor children might be endangered by the continued presence of such party in the home. Let us look at the plaintiff's showing on which the order appealed from was issued.

The allegations of the complaint are very general. The plaintiff alleges that the defendant abused, embarrassed, and otherwise mistreated her, causing severe disturbances and disorder in the home, and that the plaintiff has suffered physical abuse and mental anguish and distress, constituting physical and mental cruelty. There is no allegation that the defendant has committed or has threatened to commit acts of harm to the plaintiff or the children.

The supporting affidavits of the plaintiff for such temporary order are somewhat more specific. She says that the defendant threatened the plaintiff with bodily harm; that on many occasions he has demonstrated a violent temper and that the plaintiff is fearful for her own safety; that the defendant has gone into a rage on several occasions; and that on at least one occasion he has struck the plaintiff.

This court has held repeatedly that the granting or the denying of an injunction is within the sound discretion of the trial court, and its ruling will not be reversed by this court on appeal unless there has been an abuse of this discretion evidencing a disregard of the facts. Lindsay v. Teamsters Union, Local No. 74 (N.D.), 97 N.W.2d 686; Peterson v. Peterson (N.D.), 131 N.W.2d 726. An abuse of discretion never is assumed, but must be affirmatively established. Fischer v. Fischer (N.D.), 139 N.W.2d 845.

The trial court should not issue a temporary order requiring the defendant to remove himself from the home of the parties on the unfounded fears or assertions of the petitioner. The court should require a showing of specific prior acts or conduct on the part of the defendant to justify such order. However, while the showing in this case is not as strong as it might be, we cannot say that the trial court abused its discretion in issuing the order appealed from.

In this case, the trial court ordered a stay of the temporary order requiring the defendant to remove himself and his business from the home of the parties. It appears that the trial court felt that since an appeal was being taken to this court, it was required, on application, to stay such order. The mere fact that such temporary order is appealable is not to be interpreted to mean that such an order must be stayed if an appeal is taken therefrom. Whether such order is stayed pending appeal must be determined in each case by the trial court in the exercise of its sound discretion.

The order appealed from is affirmed, and the trial court's stay order is set aside.

TEIGEN, C. J., and PAULSON, ERICKSTAD and KNUDSON, JJ., concur.