## BELLE VAN VLEET, Appellant, v. EDWIN VAN VLEET, Respondent.

### (174 N. W. 213.)

**Divorce and separation — modifying judgment.**

In an action for divorce brought by the wife, where the divorce is granted on the grounds of cruelty, it is *held:*

For reasons stated in the opinion, the judgment awarding a division of the property should be modified by effecting a division of the property in lieu of an annuity payable monthly; and, pending such division, an allowance of $55 per month is made for the support of the plaintiff and appellant.

Opinion filed July 1, 1919.

Appeal from District Court of Burleigh County, *W. L. Nuessle,* J. Modified and affirmed.

*Newton, Dullam, & Young,* for appellant.

*Sullivan & Sullivan,* for respondent.

BIRDZELL, J.   This is an appeal from the judgment entered in the district court of Burleigh county in a divorce action.   The only portion of the judgment which is attacked in the appeal is that which adjudges it to be advisable that the plaintiff's share or portion of the property be paid to her in the form of an annuity, payable at the rate of $35 per month for the period of her life, and awarding the defendant the custody of a minor child, Allen Van Vleet, during vacation periods.   The record shows that the parties to the action were married in October, 1890; that ten children were born of the marriage, seven of whom are living, three being minors at the time the action was begun.   The defendant at various times treated the plaintiff with extreme cruelty, and in January, 1917, practically ordered her to leave the place.   It appears that during their marriage there was acquired property consisting of five quarter sections of land and personal property valued in all at about $28,000, against which there were encumbrances of $16,000, making the net worth of all the property jointly accumulated approximately $12,000.   The plaintiff is fifty years of

age and is perhaps not physically able to support herself. Neither should she be expected to do so. In dividing the property, the court took into consideration the fact that it was heavily encumbered and also, doubtless, was of the opinion that the interests of all parties would be best subserved by an arrangement that would keep the farm lands under the control of the defendant, thus better enabling him to provide the necessary support for the family. The amount apportioned to the plaintiff, and which is made a lien on the land, is more than the equivalent of a 7 per cent return on one half the net value of the property. Taking into consideration the ages of the respective parties, the remoteness of the probability that the plaintiff could make better provision for her support if an equitable portion of the encumbered property were turnel over to her absolutely, we are not prepared to say that the provision made by the trial court was wholly unreasonable under the existing circumstances; but nevertheless a majority of this court is of the opinion that, instead of providing for the plaintiff and appellant an annuity, payable monthly, she should, at an early date, be assigned a portion of the property in severalty as her separate property. While this court is reluctant to disturb the order and judgment of the district judge, who had the benefit of a more intimate contact with the parties and consequently was better able to appreciate their relative situation, we nevertheless feel that a woman who has passed the meridian of life, who has given birth to ten children and reared seven, and whose divorce from her husband is occasioned by his extreme cruelty toward her, has a right not merely to sufficient allowance for her support, so far as it is possible for the defendant to provide it, but a right to the enjoyment of a portion of the property which she has helped to accumulate. In view of the condition of the property, however, we do not feel justified in ordering a division to be made until the end of the present crop season. In the meantime, the allowance for support should be increased, and at the time of the division the value of this year's crop should be taken into consideration.

The order of this court is that on July 1st, and on the first of each succeeding month, until the further order of the district court, effecting a division of the property, respondent shall pay to appellant $55 per month for support instead of $35 per month as an instalment of an annuity; and that at any time subsequent to November 1, 1919,

upon motion of the appellant herein, the district court shall direct such a division of the property in question to be made as will result in giving to the appellant an amount of property equivalent in value to at least one half of the net worth of the property accumulated. The district court shall immediately direct the respondent herein to make such arrangements with respect to encumbrances as will enable the court, as far as possible, to later assign to the appellant unencumbered property so far as it may be found practicable so to do. It is the further order of the court that the respondent herein be enjoined from selling or disposing of any of his property until a division be made in accordance with this opinion, without first obtaining an order from the district court.

With reference to the custody of the minor child, Allen Van Vleet, during vacation periods, it does not seem to be seriously argued that his welfare is particularly prejudiced by the order; and, in the absence of a showing that such is the case, this court will not disturb an order which has so much apparent reason to support it.

The judgment appealed from is modified in the respects hereinbefore indicated, and, as so modified, is affirmed. The respondent to pay the costs of the appeal and $25 attorneys' fees.

CHRISTIANSON, Ch. J., did not participate.