[Civ. No. 11685. First Dist., Div. Two.—June 19, 1941.]

ELLA WHITEHEAD, Respondent, v. EMMETT B. WHITEHEAD, Appellant.

448

Samuel D. Hamburg for Appellant.

O'Brien, Dibert & Acton and Arthur F. Edwards, Jr., for Respondent.

NOURSE, P. J.—The defendant in an action for divorce appeals from an order modifying the alimony provisions of the interlocutory decree, from an order denying his motion for a reduction of the award, and from the final decree of divorce.

Plaintiff was granted an interlocutory decree of divorce on April 4, 1934. The decree carried an award of $65 a month as alimony. In December, 1937, defendant filed a motion to reduce the award to $1. In August, 1938, the plaintiff filed a counter motion to fix the award at $50. Both motions rested upon a change of circumstances relating to the temporary employment of the wife and a diminution of the income of the husband. Both motions were heard at the same time in September, 1938, upon affidavits and oral testimony. An order was made on September 16, 1938, granting plaintiff's motion and denying that of the defendant. On September 26, 1938, a final decree of divorce was entered fixing the alimony at $50 a month.

The appeals are taken on what purports to be a judgment roll, a copy of two affidavits, and a statement of some

of the oral testimony taken at the hearing. There is no certification of the judgment roll by the clerk, no reporter's transcript, and no certification by the reporter. The parties stipulated that the "above transcript on appeal and/or amendments thereto may and shall constitute the full, complete and correct transcript on appeal", and the trial court made its order that it should be taken as such record pursuant to such stipulation. This order is of no greater value than the stipulation because, on the face of the record, no part of the oral testimony of any of the witnesses appears. The statement does contain a recital of certain facts put in evidence upon the two motions, but nowhere does it appear that this was all the evidence taken at the hearing. The entire statement as to evidence taken relates to the hearing of the two motions on September 16, 1938. There is nothing in the record disclosing what if any hearing was had, or what evidence was taken, in relation to the final decree entered on September 26, 1938.

In this state of the record this court must assume in support of the judgment that such evidence was taken as may be necessary to sustain it, and if the preliminary orders were not merged in the final decree, the latter is nevertheless a conclusive and binding determination of the issues of fact raised and cures all the alleged errors arising out of the hearing upon the two motions.

The power of the court to make the modification of the interlocutory decree comes directly from the statute. Sections 137 and 139 of the Civil Code provide that orders for the payment of alimony may be altered, modified or revoked "at the discretion of the court." The only successful attack upon such an order (when the only claim is that the award is too high or too low) must be based upon a clear showing of an abuse of that discretion. It was said in *Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 Pac. (2d) 1032]: "An abuse of discretion is never presumed and it must be affirmatively established." Here the whole case of the appellant rests upon the assertion that the trial court abused its discretion when it rejected his evidence and believed the conflicting testimony of the respondent.

This does not present a debatable question on appeal. As this court said in *Lent* v. *H. C. Morris Co.*, 25 Cal. App. (2d) 305, 308. [77 Pac. (2d) 301]: "An appellate court is

never justified in substituting its discretion for that of the court sitting *nisi prius*. Its power is limited to the determination whether there has been such an abuse of discretion that it has resulted in a miscarriage of justice. (Const., art. VI, sec. 4½; *Davies* v. *Ramsdell,* 40 Cal. App. 432, 433 [183 Pac. 702] ; *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal. App. (2d) 389, 405 [50 Pac. (2d) 106].)''

The orders and the decree are affirmed.

Sturtevant, J., and Spence, J., concurred.