[File No. 7068]

CARRIE K. BRANDT, Appellant, v. GUSTAV H. BRANDT, also known as Gustav Henry Brandt, Respondent.

(33 NW2d 620)

Opinion filed August 20, 1948.

*Sullivan, Fleck, Kelsch* and *Lord,* for appellant.

No appearance contra.

NUESSLE, J. This is an action for divorce. The plaintiff and the defendant were married on the 24th day of November 1934 and since that time have been and now are husband and wife. Three children were born of this marriage, the youngest on August 10, 1940. Plaintiff brought this action on August 3, 1946. She alleged as grounds therefor, cruelty, desertion, and non-support. She prayed for a decree of absolute divorce, for the custody of the children of the marriage, for support money for the support and maintenance of the children, and for her attorney's fees and costs. She asked for no alimony.

Service of the summons and complaint was had personally on the defendant in the State of Minnesota. He defaulted. The cause came on for hearing at Mandan, North Dakota, on March 8, 1947. Plaintiff proffered testimony in support of her complaint and rested her case.

The court then, taking judicial notice of the files and records in the case of Brandt v. Larson in the office of the Clerk of the District Court of Morton County, an action he himself had heard and determined, offered the same in evidence and calling the plaintiff for cross-examination inquired if she were the plaintiff in that action. She answered that she was. That action was one to determine the paternity of an illegitimate child born to the plaintiff on December 10, 1946 and to have the defendant therein adjudged to be the father of said child and charged with its support. The judgment entered adjudged the defendant Larson to be the father of said child and required him to support it. The examination of the plaintiff by the court and the evidence thus proffered were objected to on the grounds that the defendant was in default and had interposed no answer; that there was no plea of recrimination; that pursuant to the statute the right to raise the issue of recrimination was personal to the defendant, and the court could not vindicate that right of its own motion, the defendant having defaulted and having thereby waived his right to do so if, in fact, there were any ground therefor. These objections were overruled and the court considered the evidence thus adduced together with the other evidence in the case in making his findings and conclusions.

On the whole record thus made the court found, and we are of the opinion that he was amply warranted in doing so, that the evidence offered on behalf of the plaintiff sustained the allegations of the complaint as to cruelty, desertion, and non-support. The court further found that plaintiff was a fit and proper person to have the custody of the children of the marriage, but also found that plaintiff was guilty of adulterous intercourse subsequent to the desertion of her husband. On these findings the court concluded,

"That the plaintiff has proved facts sufficient as a matter of law to establish a right to an absolute decree of divorce on the grounds of extreme cruelty, desertion and non-support and that the plaintiff would have been entitled to and this Court would have granted her an absolute divorce upon such grounds if it had not been for the showing of recrimination made by the Court as a defense thereto.

"That the plaintiff has been guilty of adultery, as shown by the foregoing Findings of Fact, and that her adultery constitutes a cause of action on the part of the defendant for a divorce against the plaintiff and, as such, bars all of her causes of action against the defendant for an absolute divorce, which she has established herein, and that by reason thereof the plaintiff's action and causes of action, so established, insofar as they relate to a divorce against the defendant, must be dismissed with prejudice."

The court accordingly ordered judgment that a divorce be denied but that the plaintiff be awarded the care and custody of the children of the marriage, and that the defendant pay monthly an amount fixed by the court for their maintenance and support during their minority or until the further order of the court, together with attorney's fees and the costs of the action. Judgment was entered pursuant to this order, whereupon the plaintiff perfected the instant appeal from that part of the judgment denying the divorce and demanded a trial de novo in this court on that particular issue.

The plaintiff contends here as she did in the court below, that evidence of her dereliction was not elicited in the pres-

entation of her case; that it appears only because of her cross-examination by the court after she had rested; that the court has no jurisdiction in matters of divorce except such as is expressly conferred by statute; that whatever the rule may be in other jurisdictions respecting recriminatory defenses, in this jurisdiction the statute is such that to be availed of they must be pleaded; that the right to raise the issue of recrimination is personal to the offended party; that under the statute the court has no power on its own motion to vindicate that right and raise and establish such defense.

The defendant in the instant case, though served, made no appearance. On the contrary the record indicates that he wished the plaintiff to bring the action. There is no memorandum opinion. But we gather from what is said in the findings and conclusions, and from the statements in the plaintiff's brief that the court's theory was that the state, though not a party, has an interest in matters of divorce; that because of that interest it is the duty of the court to raise the defense of recrimination where court has personal knowledge of such defense or is apprised thereof by taking judicial notice of the files and records of the court; that where the bar of recrimination is thus established the plaintiff's prayer for relief must be denied since equitable principles are applicable and the relief is available only to an innocent party.

There is great diversity of opinion to be found in the many and varied cases dealing with the question as to when and how and by whom the defense of recrimination may be raised. Many cases are to be found holding that the court may deny the plaintiff's prayer for relief whether or not recrimination is pleaded, if it appears from the plaintiff's own case that such a bar exists. Redington v. Redington, 2 Colo App 8, 29 P 811; Welch v. Welch, 112 Fla 590, 152 So 173; Nesheim v. Nesheim, 293 Ill App 257, 12 NE2d 222; Green v. Green, 125 Md 141, 93 A 400, LRA1915E 972, Ann Cas 1917A 175; Young v. Young, 94 NJEq 155, 119 A 92, 25 ALR 1049; McElwee v. McElwee, 171 Or 462, 138 P2d 208. And there are cases wherein it is at least intimated that though the defense be not pleaded

and be not disclosed by the evidence offered by either of the parties, the court may on its own motion examine witnesses as to matters showing recrimination. Decker v. Decker, 193 Ill 285, 61 NE 1108, 55 LRA 697, 86 Am St Rep 325; Nesheim v. Nesheim, 293 Ill App 257, 12 NE2d 222, supra. This for the reason that the state is so interested in matters of divorce as to warrant such action.

We conclude, however, that the general rule is that recrimination is a defense which must be pleaded in order to warrant the court in considering it. Young v. Young, 94 NJEq 155, 119 A 92, 25 ALR 1049, supra; Jones v. Jones, 18 NJEq 33, 90 Am Dec 607; Keezer, Marriage & Divorce, § 805; Nelson, Divorce, 2d ed, § 10.10; 17 Am Jur 314, Divorce and Separation, § 325. But in the absence of statutes evidencing a contrary policy, where it appears that the plaintiff is equally at fault, divorce will be denied pursuant to the equitable principle that relief is available only to an innocent party. See Newman v. Newman, 211 Mass 508, 98 NE 507, Ann Cas 1913B 672; Chavez v. Chavez, 39 NM 480, 50 P2d 264, 101 ALR 635, and note; Young v. Young, 94 NJEq 155, 119 A 92, 25 ALR 1049, supra; McElwee v. McElwee, 171 Or 462, 138 P2d 208, supra; see also 2 Bishop, Marriage, Divorce & Separation § 408; 1 Nelson, Divorce, 2d ed p 371 et seq.

Jurisdiction in matters relating to divorce is conferred by statute and the power of the courts to deal with such matters must find support in the statute or it does not exist. State ex rel. Hagert v. Templeton, 18 ND 525, 123 NW 283, 25 LRA NS 234. In that case in so holding this court said,

"A very clear, concise, and accurate statement of the rule is made by the Wisconsin court, as follows: 'It is an undoubted general principle of the law of divorce in this country that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings, or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and

cannot be looked for elsewhere, or otherwise asserted or exercised.' Barker v. Dayton, 28 Wis 367. That court in a later case has expressly reaffirmed such rule. Hopkins v. Hopkins, 39 Wis 167. To the same effect, see Kenyon v. Kenyon, 3 Utah 431, 24 P 829."

The statute, Chapter 14–05, Rev Code 1943, dealing with the subject of divorce provides, § 14–0503,

"Divorce may be granted for any of the following causes:

1. Adultery;
2. Extreme cruelty;
3. Willful desertion;
4. Willful neglect;
   . . . ."

Section 14–0510,

"Divorces must be denied upon showing:

1. Connivance;
2. Collusion;
3. Condonation;
4. Recrimination; or
5. Limitation and lapse of time."

Section 14–0513,

"Condonation is the conditional forgiveness of a matrimonial offense constituting a cause of divorce. . . ."

Section 14–0515,

"Recrimination is a showing by the defendant of any cause of divorce against the plaintiff in bar of the plaintiff's cause of divorce. . . ."

Section 14–0504,

"Adultery is the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife."

This definition is identical with the definition of adultery in the Penal Code, Rev Code 1943. See § 12–2209. And § 12–2210 provides,

"No prosecution for adultery shall be commenced except on the complaint of the husband or wife, and no prosecution shall be commenced after one year from the time of the committing of the offense."

It is obvious in view of the findings of the trial court as to the cruelty, desertion and neglect on the part of the defendant, that if the objections of the plaintiff to the introduction of evidence of her adultery had been sustained and the evidence denied admission, it would have been the duty of the court to have ordered judgment of divorce for the plaintiff as prayed in her complaint. For, though § 14–0503, supra, reads, "Divorces may be granted" for any of the causes therein enumerated, the court has no discretion to deny a divorce where a case therefor is made and there is no showing of any of the causes for denial enumerated in § 14–0510, supra. See Mattson v. Mattson, 204 Wis 424, 235 NW 767, 74 ALR 269, and cases cited. See also 17 Am Jur 357, Divorce and Separation. Accordingly the only matter for determination on this appeal is whether the court erred in overruling the objections to the admission of the evidence in question and in denying the plaintiff's motion to strike such evidence from the record.

We think there is merit to the plaintiff's contention that pursuant to the statutes heretofore quoted, and the public policy evidenced thereby, the bar of a recriminatory offense must be pleaded in order to be available and effective. As we have said, the summons and complaint were duly served on the defendant. He made no appearance and permitted the case to go by default. The court found, and the evidence offered by the plaintiff clearly sustains such finding, that the defendant was guilty of desertion, extreme cruelty and willful neglect. Her illegitimate child was born to the plaintiff on December 10, 1946. It could not have been begotten earlier than February 1946. At that time the desertion and neglect had continued for more than one year and had ripened into causes of action for divorce. The acts of cruelty complained of and found to be established by the court had occurred prior to October 4, 1944. Thus the adulterous intercourse of which the plaintiff was guilty had taken place some time after her causes of action for divorce as against the defendant had accrued.

The statute, § 14–0503 makes no distinction among the causes of divorce which it defines. All of them may be condoned. Sec-

tion 14-0513, supra. Section 14-0515 defines recrimination as *"a showing by the defendant* of *any* cause of divorce against the plaintiff in bar of plaintiff's cause of divorce." Thus all of the causes are equally pleadable in bar, the one to the other. Furthermore, this statute is specific. It says a showing, not by the court or a friend of the court, or by any public officer, but by the defendant. Reading this definition in the light of cognate provisions of the statute, both civil and criminal, and considering the consequences possibly attendant on any other construction, we are forced to the conclusion that it was the legislative intention to limit the right of recrimination to the offended party and that unless he pleads it, it can not be taken into consideration by the court in passing upon the merits of the plaintiff's case.

As we have pointed out, the statutes make no distinction as among the causes of divorce. All of them may be condoned and any of them may be pleaded by the defendant in bar of the plaintiff's cause. For instance, if in the case at bar the action had been brought by the defendant seeking a divorce on the ground of the plaintiff's adultery, and the plaintiff had pleaded recrimination because of the defendant's desertion, or willful neglect, or cruelty, that defense if proven would have been a perfectly good one and the court must of necessity have denied a divorce. In this connection it is noteworthy that the definition of adultery in the penal code is identical with its definition in the civil code relating to divorce. Although adultery is made a felony, §§ 12-2211 and 12-0107, Rev Code 1943, the penal statute provides that the right to make complaint on account thereof, however notorious the offense may be, is restricted to the offended party. Section 12-2210, supra. It further limits the time in which the prosecution may be commenced to one year from the time of the committing of the offense, though the limitation for felonies other than murder is three years. Section 29-0402, Rev Code 1943. This court has said as to the policy evidenced by these penal statutes:

"Laws of this character are evidently enacted for the purpose of protecting the sanctity of the home, and in recognition

of the principle that the crime of adultery is a crime peculiarly infringing upon the rights of the innocent parties to the marriage relation, and that if such innocent parties see fit to condone the offense, and from a desire to avoid scandal and humiliation, and to preserve the integrity of the home, and prevent the disgrace of children and relatives, refuse to prosecute, the public is not sufficiently interested or injured to justify the institution of criminal proceedings, as in other cases, by any member of the community." State v. Wesie, 17 ND 567, at p 568, 118 NW 20, 19 LRA NS 786.

And we think what is there said is peculiarly apposite in the instant case.

If the trial court's theory were correct and it were a matter of duty on the court's part in this default case to raise the issue of recrimination and establish the bar thereof, by the same token it would be the court's duty in every case whether defaulted or contested to make inquiry and if the facts warranted, to raise and establish the defense of recrimination and deny the divorce, however reprehensible the cause or provocation on the part of the defendant, however incompatible the parties, however remote the possibility of reconciliation, or however great for ill the effect upon them or any children of the marriage. We cannot believe that the legislature in framing the provisions of the statutes relating to divorce so intended.

We hold then that recrimination is an affirmative defense to be availed of only when pleaded and relied on by the defendant. Accordingly the court erred in proffering and receiving in evidence the proof of the plaintiff's dereliction over the timely objection of the plaintiff, and in denying the plaintiff's motion to strike such evidence from the record.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

CHRISTIANSON, Ch. J., BURKE, J., and GRIMSON, District Judge, concur.

BURR and MORRIS, JJ., did not participate.