Kenneth J. SLADE, Plaintiff and Respondent,

v.

Janet A. SLADE, Defendant and Appellant.

No. 8025.

Supreme Court of North Dakota.

June 14, 1963.

Samuel E. Paletz, Grand Forks, for plaintiff and respondent.

Garry A. Pearson, Grand Forks, for defendant and appellant.

STRUTZ, Judge.

This is an action for divorce brought on the grounds of cruelty. Service on the defendant, who was living in the State of New York at the time of the commencement of the action, was made by publication. The defendant failed to serve and file her answer to the complaint, and default judgment was entered by the trial court.

Four months after the entry of default judgment, the defendant moved the trial court for relief from such judgment. The defendant made no showing and did not contend that her failure to answer was due to mistake, inadvertence, excusable neglect, or any of the other reasons for which a party may be relieved from a final judgment. The defendant relied entirely on her contention that the court was without jurisdiction to enter any judgment in the action because the plaintiff was not, as alleged in his complaint, a good-faith resident of the State for more than twelve months next preceding the commencement of the action. This motion was denied, and the defendant appealed to this court.

After submission of the case, it was obvious that the first and principal issue to be determined on this appeal was whether the plaintiff had been a good-faith resident of the State of North Dakota for twelve months next preceding the commencement of the action. It was determined that the evidence on this question was not wholly satisfactory, and we therefore remanded the case to the trial court with directions to take additional evidence and to make further findings on such issue, and to certify the additional evidence and findings to this court. Sec. 28–27–32, N.D.C.C.

The trial court, pursuant to such remand, took additional evidence, made its findings thereon, and certified the same to this court. The additional findings, as were the original findings, are to the effect that the plaintiff was, for more than twelve months immediately preceding the commencement of the action, a good-faith and an actual resident of the State of North Dakota.

In order to determine whether the plaintiff was a good-faith resident of the State, we will look at the evidence. The record discloses that the plaintiff is, and at the time of the marriage of the parties was, a member of the United States Air Force. While with the Air Force and stationed at Great Falls, Montana, the parties had marital difficulties, as a result of which the defendant left the plaintiff and, with the children of the parties, returned to her former home in Buffalo, New York. Shortly thereafter, the plaintiff was transferred by the Air Force to Grand Forks, in this State. He had been stationed in Grand Forks for more than twelve months immediately preceding the commencement of his action for divorce, but the defendant now contends that the plaintiff, as a member of the armed forces of the United States, did not and could not acquire residence within the State of North Dakota.

The defendant limits the issues raised on this appeal to the issue of jurisdiction of the trial court to enter the judgment and whether the plaintiff was a good-faith resident of the State of North Dakota for twelve months preceding the commencement of the action; and to the issue of whether the evidence was sufficient to warrant the court in finding for the plaintiff.

■ Jurisdiction in matters relating to divorce is wholly statutory. Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697.

Thus the issue of jurisdiction of the court in this proceeding is dependent entirely on our statutes, since any power exercised by the trial court must find support in our laws, or it does not exist. Brandt v. Brandt, 76 N.D. 99, 33 N.W.2d 620.

■ Under our law, the jurisdiction of the court is founded on residence, or

domicile, of one of the parties and, in order for the court to have jurisdiction to dissolve the marital status, it is necessary for the party seeking the divorce to prove that he has established a legal residence within the State. Before a divorce may be granted, it is further necessary for such party to prove good-faith residence within the State for twelve months immediately preceding the commencement of the action.

The defendant contends that the plaintiff, as a member of the armed forces, at no time acquired residence in the State of North Dakota and that the plaintiff therefore could not have been a good-faith resident of the State for twelve months immediately preceding the commencement of this action. In support of this contention, the defendant points to Section 126 of the North Dakota Constitution, which provides:

"No soldier, seaman or marine in the army or navy of the United States shall be deemed a resident of this state in consequence of his being stationed therein."

■ While members of the Air Force are not specifically mentioned in this section of the Constitution, the provision clearly applies to all members of the armed forces. At the time of the adoption of the Constitution, there was no air force of the United States in existence, and such branch of the armed services understandably was not mentioned. The Constitution, however, does provide that a member of the armed forces of the United States would not be "deemed" a resident of the State merely by reason of his presence within the State as a member of such armed forces. As used in Section 126 of the Constitution, the word "deemed" does not establish a conclusive presumption but only a rebuttable presumption. In other words, it provides that something more than the mere physical presence of a member of the armed forces would be required to establish residence in this State. This section does not, however, provide that a member of the armed forces is incapable of acquiring residence in the State of North Dakota. It merely means that physical presence alone of such member of the armed forces would not be sufficient to establish such legal residence.

This seems to be the general rule. In 27A C.J.S. Divorce, § 76b, p. 272, this general rule is stated as follows:

"With respect to jurisdiction of an action for divorce, one in the military service may change his domicile, but the mere fact of his presence within a state in the course of military duties does not establish a residence or domicile within that state."

■ Thus, unless the plaintiff can point to evidence in the record beyond his mere physical presence in the State, the plaintiff has not shown that he established a legal residence in the State of North Dakota. Once the plaintiff has shown that he has established such legal residence in this State, the question of length or duration of that residence or domicile is a question of fact to be determined from the evidence in the case. Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271.

The actual residence of a member of the armed forces may become his legal residence if there are other circumstances sufficient to show an intent on his part to establish such new residence. In this case, the plaintiff testified positively that, at the time he received his transfer to Grand Forks, such transfer was for an indefinite period of time and that it was his intention, at the time of such transfer, to establish his residence in Grand Forks.

■ While a person in the military service may establish residence at the place where he is stationed, for the purpose of securing a divorce, his intention to establish such residence may not be shown by his testimony alone, uncorroborated by any other testimony or by an overt act indicating such intention. Such act must be

sufficient to show a real, bona fide intention on the part of the plaintiff to acquire residence at the place where he is stationed. In this case, the record discloses not only the plaintiff's statement that, at the time he was transferred to North Dakota, it was his intention to establish his legal residence in this State, but it also discloses that such testimony is corroborated. When the plaintiff called one Francis X. Conners as a witness, the attorney for the defendant inquired whether such witness was offered as a corroborating witness. Upon being informed that the witness was called for the purpose of corroboration, defendant's attorney stated:

"I will stipulate he will corroborate the testimony as given by Sergeant Slade, the plaintiff."

Plaintiff then inquired of the defendant's attorney:

"You are stipulating that he will corroborarate what the plaintiff, Mr. Slade, has testified to this afternoon?"

To which the defendant's attorney replied:

"Yes, sir."

What the plaintiff's witness would have testified, as such corroborating witness, is not otherwise indicated in the record. However, the defendant stipulated that such witness would corroborate what the plaintiff had testified to, which would include every material part of the plaintiff's testimony. Presumably, such testimony would have included evidence which would have corroborated the plaintiff's statement that, when he secured his transfer to the State of North Dakota, he intended to make North Dakota his legal residence. Thus we not only have the plaintiff's statement that he intended to establish such legal residence, but we also have his testimony as to such intent supported by the testimony of a corroborating witness.

■ The plaintiff urges that his intention to become a resident of this State is corroborated by evidence of the purchase of resident hunting and fishing licenses. We do not believe that the purchase of such licenses has any probative value in support of the plaintiff's complaint. Under our law, any member of the military forces located in this State, even those who are here on temporary duty, are entitled to apply for resident hunting and fishing licenses. Sec. 20–03–05, N.D.C.C.

■ It is our conclusion that the trial court, on the record, correctly found that the plaintiff had met the requirements of legal residence in the State of North Dakota to permit him to bring the action for divorce in this State. Thus, where the plaintiff has shown that he has established a legal residence in this State, the question of length or duration of that residence is a question of fact to be determined from the evidence in the case. Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271.

The only remaining issue raised by this appeal is whether the evidence is sufficient to warrant the court in finding for the plaintiff.

■ On appeal in a divorce action, the Supreme Court will give appreciable weight to the findings of the trial court. Raszler v. Raszler (N.D.), 64 N.W.2d 358.

■ We have examined the record and find that the evidence was sufficient to sustain the trial court's finding of cruel and inhuman treatment of the plaintiff.

For reasons stated herein, the judgment of the trial court is affirmed.

MORRIS, C. J., and BURKE and TEIGEN, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.